| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| STEPHEN BARRETT<br>MARIA BARRETT,<br><br>              Plaintiffs,<br><br>   v.<br><br>BIOMET, INC.,<br><br>              Defendant. | No. 1:19-CV-00553-NONE-EPG<br><br>**ORDER DIRECTING ASSIGNMENT OF DISTRICT JUDGE FOR PURPOSES OF CLOSING CASE AND THEN TO CLOSE THIS CASE IN LIGHT OF STIPULATION FOR DISMISSAL WITH PREJUDICE** |

On February 4, 2020, the parties filed a stipulation for dismissal of this case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1). See Doc. No. 17. The notice is signed by all parties who have appeared in this case.

Rule 41(a)(1), in relevant part, reads:

(A) . . . the plaintiff may dismiss an action without a court order by filing:
(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. . . . (B) Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

Rule 41(a)(1)(A)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. See Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986). Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal. Fed. R. Civ. Pro. 41(a)(1)(A); Eitel, 782 F.2d at 1473 n.4. "Caselaw concerning stipulated dismissals under Rule 41(a) (1) (ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG,

1

377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999).

As the parties have filed a stipulation for dismissal of this case with prejudice under Rule 41(a)(1) that is signed by all parties who have made an appearance, this case has terminated. See Fed. R. Civ. Pro. 41(a)(1)(A)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077.

Therefore, IT IS HEREBY ORDERED that the Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to CLOSE THIS CASE.

IT IS SO ORDERED.

Dated: **February 10, 2020**  /s/ Eric P. Groj

UNITED STATES MAGISTRATE JUDGE